Filing # 124003640 E-Filed 03/30/2021 12:01:14 PM

**IN THE COUNTY COURT OF
THE TWELFTH JUDICIAL
CIRCUIT IN AND FOR
SARASOTA COUNTY,
FLORIDA
SMALL CLAIMS DIVISION**

**Case No.**

**LAWRENCE DIAMOND,**

      **Plaintiff,**

**v.**

**MIDLAND CREDIT
MANAGEMENT, INC.,**

      **Defendant.**

_____/

## PLAINTIFF'S STATEMENT OF CLAIM

    **COMES NOW**, Plaintiff, **LAWRENCE DIAMOND** ("Mr. Diamond" or

"Plaintiff"), by and through the undersigned counsel, and hereby sues and files this

Statement of Claim against Defendant, **MIDLAND CREDIT MANAGEMENT, INC.**

("Debt Collector" or "Defendant"), and in support thereof states as follows:

### _Introduction_

    1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 _et. seq._ ("FDCPA"), and the Florida Consumer Collection Practices

Act, Fla. Stat. § 559.72 _et. seq._ ("FCCPA"), by communicating directly with Mr. Diamond

in connection with the collection of such alleged Debt after receipt of notice that Mr.

Diamond was represented by an attorney with respect to the alleged Debt, and after

Defendant knew of, or could readily ascertain, Mr. Diamond's attorney's name and contact information.

2.      This action also arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by communicating with Mr. Diamond's son in connection with the collection of such alleged Debt without Mr. Diamond's prior consent, which can reasonably be expected to harass Mr. Diamond.

### *Jurisdiction and Venue*

3.      This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

4.      Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

5.      Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

6.      Venue is proper in Sarasota County, Florida, where Defendant has physical locations in Sarasota County, Florida.

7.      Venue is proper in Sarasota County, Florida, where this tortious cause of action accrued in Sarasota County.

8.      Venue is also proper in Sarasota County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

## *Parties*

9.      Plaintiff, Mr. Diamond, was and is a natural person and, at all times material hereto, is an adult, a resident of Sarasota County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

10.     At all times material hereto, Debt Collector was and is a business with its principal place of business in the state of CA, and its registered agent, Midland Funding LLC, located at 13008 Telecom Drive, Ste. 350, Tampa, FL 33637.

11.     Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

## *Statements of Fact*

12.     Mr. Diamond opened a credit card account with Fifth Third Bank for personal or household use that was assigned a unique account number ("Account").

13.     Sometime thereafter, Mr. Diamond encountered financial difficulties and fell behind on his payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

14.     In July of 2020, Fifth Third Bank began placing calls to Mr. Diamond's cellular telephone, ███████ ("Mr. Diamond's Cellular Telephone"), in attempts to the collect the Debt.

15.     On or around July 21, 2020, Mr. Diamond spoke with Fifth Third Bank and notified Fifth Third Bank that he was represented by counsel with respect to the Debt and provided his attorney's name and contact information.

16.     In that same conversation, Mr. Diamond also demanded that Fifth Third Bank stop calling his Cellular Telephone.

17.     Then, on February 4, 2021, Fifth Third Bank received notice that Mr. Diamond was represented by counsel with respect to the Debt.  *See* **Exhibit A**.

18.     Under information and belief, the Account and Debt was then sold, assigned, or transferred to Debt Collector for collection purposes.

19.     Under information and belief, Fifth Third Bank notified Debt Collector of Mr. Diamond's attorney's name and contact information.

20.     Under information and belief, Fifth Third Bank notified Debt Collector of Mr. Diamond's demand that Fifth Third Bank stop contacting him.

21.     After Debt Collector had actual knowledge that Mr. Diamond was represented by counsel with respect to the Debt and that Mr. Diamond had demanded that Fifth Third Bank stop calling his Cellular Telephone, Debt Collector continued to communicate directly with Mr. Diamond directly in connection with the collection of the Debt.

22.     On or around March 2, 2021, Debt Collector sent Mr. Diamond a letter in connection with the collection of the Debt on behalf of Fifth Third Bank.  *See* **Exhibit B.**

23.     In March of 2021, Debt Collector also began placing calls directly to Mr. Diamond's Cellular Telephone in attempts to collect the Debt.

24.     On or around March 4, 2021, Mr. Diamond notified Debt Collector that he was represented by counsel with respect to the Debt and provided his attorney's name and contact information to Defendant.

25. In the same conversation, Mr. Diamond also demanded that Debt Collector stop calling his Cellular Telephone.

26. Then, on or around March 5, 2021, Debt Collector placed two (2) calls to Mr. Diamond's son's cellular telephone, ██████████ ("Mr. Diamond's Son's Cellular Telephone"), in connection with the collection of the Debt.

27. At no time has Mr. Diamond ever provided Debt Collector with written permission to call Mr. Diamond's Son Cellular Telephone.

28. Debt Collector has called Mr. Diamond's Cellular Telephone at least 2 times since July 21, 2020.

29. Debt Collector has called Mr. Diamond's Cellular Telephone from several different phone numbers.

30. All of Debt Collector's calls to Mr. Diamond's Cellular Telephone were placed in attempts to collect the alleged Debt.

31. All of Debt Collector's calls to Mr. Diamond were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

32. Mr. Diamond re-alleges paragraphs 1-31 and incorporates the same herein by reference.

33. Mr. Diamond is a "consumer" within the meaning of the FDCPA.

34. The subject debt is a "consumer debt" within the meaning of the FDCPA.

35. Debt Collector is a "debt collector" within the meaning of the FDCPA.

36.     Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a.  Debt Collector violated 15 U.S.C. § 1692c(a) by placing calls directly to Mr. Diamond's Cellular Telephone after Debt Collector knew Mr. Diamond was represented by an attorney with respect to such Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

    b.  Debt Collector violated 15 U.S.C. § 1692c(b) by contacting Mr. Diamond's son in connection with the collection of the Debt when Mr. Diamond never gave Debt Collector written permission to do so.

37.     As a result of the above violations of the FDCPA, Mr. Diamond has been subjected to illegal collection activities for which he has been damaged.

38.     Debt Collector's actions have damaged Mr. Diamond by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Diamond was represented by counsel with respect to the Debt.

39.     Debt Collector's actions have damaged Mr. Diamond by causing him stress.

40.     Debt Collector's actions have damaged Mr. Diamond by causing him anxiety.

41.     Debt Collector's actions have damaged Mr. Diamond by being an annoyance.

42.     Debt Collector's actions have damaged Mr. Diamond by causing him aggravation.

43.     It has been necessary for Mr. Diamond to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

44.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees; and

d.  Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

45.     Mr. Diamond re-alleges paragraphs 1-31 and incorporates the same herein by reference.

46.     Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a.  Debt Collector violated Fla. Stat. § 559.72(18) by communicating directly with Mr. Diamond after Debt Collector had actual knowledge that Mr. Diamond was represented by an attorney with respect to the Debt, and had

knowledge of, or could readily ascertain Mr. Diamond's

attorney's name and address.

47.    As a result of the above violations of the FCCPA, Mr. Diamond has been

subjected to unwarranted and illegal collection activities and harassment for which he has

been damaged.

48.    Debt Collector's actions have violated Mr. Diamond's right to not be

directly contacted while represented by an attorney with respect to the alleged Debt.

49.    Debt Collector's actions have damaged Mr. Diamond by causing him stress.

50.    Debt Collector's actions have damaged Mr. Diamond by causing him

anxiety.

51.    Debt Collector's actions have damaged Mr. Diamond by being an

annoyance.

52.    Debt Collector's actions have damaged Mr. Diamond by causing him

aggravation.

53.    It has been necessary for Mr. Diamond to retain the undersigned counsel to

prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

54.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment

against Debt Collector as follows:

a.    Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.    Awarding actual damages;

c.    Awarding costs and attorneys' fees;

d.  Ordering an injunction preventing further wrongful contact by the
    Defendant; and

e.  Any other and further relief as this Court deems just and equitable.

<div align="center">

**<u>DEMAND FOR JURY TRIAL</u>**

</div>

Plaintiff, **LAWRENCE DIAMOND**, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 30, 2021**,

<div style="margin-left:40%">

*/s/ Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

</div>

Filing # 124003640 E-Filed 03/30/2021 12:01:14 PM

# EXHIBIT A

# Fax Transmission

**To:**   Fifth Third Bank NA

**Fax:**   16166532429

**RE:**   Notice of Representation for Lawrence Diamond

**From:**   Law Office of Michael A. Ziegler PL.

**Date:**   2/4/2021 8:41:19 AM EST

**Pages:**   3

---

**Comments:**

To Bankruptcy / Collection department,

Please see the enclosed Notice of Representation and Third Party Authorization for Lawrence Diamond.

Thank you.

| Name | : | Lawrence Diamond |
| Street Address | : | ▓▓▓▓▓▓▓▓▓▓▓▓ |
| | | ▓▓▓▓▓▓▓▓▓▓▓ |
| DOB | : | ▓▓▓▓▓▓▓▓ |
| Last 4 Digits of SSN # | : | ▓▓▓▓ |

**January 19, 2021**

### RE:    Acknowledgement of Representation

To Whom it May Concern:

I have retained the services of the Ziegler Diamond Law: Debt Fighters. I hereby authorize you to communicate with their office regarding my account(s), and further authorize the release and any and all documents relating to my account(s) as requested by them.

Please direct any and all further communications regarding my account(s) and my debt(s) to the Ziegler Diamond Law: Debt Fighters.

Ziegler Diamond Law: Debt Fighters. 2561 Nursery Road, Ste. A

Clearwater, FL 33764

(p)      (727) 538-4188

(f)      (727) 362-4778

debtdefense@attorneydebtfighters.com

Regards,

*Lawrence Diamond*
_____
Client Signature



**ZIEGLER DIAMOND LAW**
**DEBT FIGHTERS**

2561 Nursery Road, Ste A
Clearwater, FL 33764
727-538-4188
attorneydebtfighters.com

February 04, 2021

Fifth Third Bank NA
1850 E Paris Ave S E
Grand Rapids, MI 49546
*Sent via Facsimile to 616-653-2429*

      **RE:**    ***Notice of Representation for Lawrence Diamond.***
           Account No.   :       ██████\*\*\*\*\*\*.
           Our Matter No. :   2030.01.

To Whom It May Concern:

    Please take notice that I have been retained by Lawrence Diamond with respect to the above referenced matter. A signed Third-Party Authorization has been completed by my client and is enclosed for your records.

    Please take notice that the consumer disputes the validity of this debt. Therefore, we would request that validation of the alleged debt be provided to our office within 30 days. This includes, but is not limited to, account statements reflecting all purchase transactions, fees, and interest.

    Any and all further communications in regard to the above account(s) should be directed to my attention. If you have any questions or concerns, please reach out to my office.

             Very truly yours,

             Regards,

             Michael A. Ziegler, Esq.

Filing # 124003640 E-Filed 03/30/2021 12:01:14 PM

# EXHIBIT B




**Midland Credit Management™**

an encore capital group company

00003530

3/2/2021

RE: Your FIFTH THIRD BANK, NATIONAL ASSOCIATION TRULY SIMPLE account, with an original account number of xxxxxxxxxxx; ▐

Dear Lawrence!

I've been trying to reach you to go over your account with Midland Credit Management, Inc. You have a current balance of $13,705.04, and I would like to help you resolve your debt. Please refer to your MCM account 310449661.

We would like to make an arrangement with you to resolve the above referenced account using the following:

· Bi-weekly payments as low as $100 continuing until paid

Please hurry! This offer is available for 15 days from the date of this letter. Call me immediately at 877-898-5129.

Sincerely,

*Tim Bolin*
*Division Manager*
Midland Credit Management, Inc.
Visit MidlandCredit.com or call 877-898-5129

P.S. This offer is exclusively for Lawrence Diamond,

Please contact us if we don't have your correct address.

These payment opportunities do not alter or amend your validation rights as described in our previous letter to you.